E-filing

Timothy C. Williams, Esq., SBN 128520
D. Alexander Floum, Esq., SBN 152287
THE WILLIAMS FIRM
1850 Mt. Diablo Blvd., Suite 340
Walnut Creek, California 94596
Telephone: (925) 933-9800
Facsimile: (925) 933-9810
Email: afloum@williams-firm.com

**FILED**

MAY - 7 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

RS

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CALIFORNIA

CATHEDRAL ART METAL CO, INC., a Rhode )
Island Corporation )
                 )
      Plaintiff, )
                 )
                 )
v. )
COMMUNITY RESOURCES FUNDRAISING, an )
unknown entity; PROFIT SPECIALTIES, an )
unknown entity; and BEST FUNDRAISING )
COMPANY, INC., a California corporation )
                 )
      Defendants. )
                 )
_____ )

CASE NO. **C10-01982**

COMPLAINT FOR:

(1) COPYRIGHT INFRINGEMENT
(17 U.S.C. §§501 *et seq.*);
(2) TRADEMARK INFRINGEMENT
(15 U.S.C. §1114);
(3) UNFAIR COMPETITION; AND
(4) FALSE DESIGNATION OF
ORIGIN (15 U.S.C. §§1125 *et
seq.*);

**Jury Trial Demanded**

Plaintiff, CATHEDRAL ART METAL CO, INC., a Rhode Island Corporation ("Plaintiff" or

"CATHEDRAL ART"), alleges as follows:

### Nature of the Action

1.     Plaintiff, CATHEDRAL ART, brings this action for copyright infringement under the

United States Copyright Act, 17 U.S.C. § 101 et seq., for trademark infringement under the Lanham

Act, 15 U.S.C. § 1125 et seq., and based on Cathedral Art's common law rights, for the recovery of

damages and for injunctive relief, due to what appears to have been intentional copying, marketing,

and sale of Plaintiff, CATHEDRAL ART's, work.

1

1052.01

**The Parties**

2.     Plaintiff, CATHEDRAL ART, is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business at 25 Manton Avenue, Providence, Rhode Island. Cathedral Art designs, manufactures, and sells a full line of inspirational, religious, and special occasion giftware and jewelry, and has done so for more than eighty-five (85) years.

3.     Plaintiff, CATHEDRAL ART, sells its goods by way of an established network of relatively small, independent religious gift shops located around the United States.

4.     Defendant, COMMUNITY RESOURCES FUNDRAISING ("COMMUNITY RESOURCES") is, and at all times relevant hereto, was a California business entity, with it's principal place of business located in the City of Concord, County of Contra Costa, State of California, at 115 Mason Circle, Concord, California. Upon information and belief, COMMUNITY RESOURCES is engaged in the sale and distribution of various fundraising gift items to organizations such as schools and religious, civic and fraternal groups.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant, BEST FUNDRAISING COMPANY, INC. ("BEST FUNDRAISING") is, and at all times relevant hereto, was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at19440 E. Colina Drive, Walnut, California. Plaintiff is informed and believes, and thereon alleges, that Defendant, BEST FUNDRAISING is engaged in the sale and distribution of various fundraising gift items to organizations such as schools and religious, civic and fraternal groups.

6.     Plaintiff is informed and believes, and thereon alleges, that Defendant, PROFIT SPECIALTIES is, and at all times relevant hereto was, a California business entity, with it's principal place of business located in Fresno, California. Plaintiff is further informed and believes, and thereon alleges, that Defendant, PROFIT SPECIALTIES is engaged in the sale and distribution of various fundraising gift items to organizations such as schools and religious, civic and fraternal groups.

**JURISDICTION, INTRADISTRICT ASSIGNMENT AND VENUE**

7.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367 in that this is an action for copyright infringement, trademark infringement, and unfair

2

1052.01

1  competition.

2  8.  Defendants, COMMUNITY RESOURCES, BEST FUNDRAISING and PROFIT

3  SPECIALTIES (collectively "Defendants") exist and conduct business in and within the State of

4  California and this judicial district so as to be subject to this Court's *in personam* jurisdiction.

5  9.  Venue is proper under 28 U.S.C. §§ 1400(a), as one or more of the Defendants may be

6  found in this district, all Defendants are doing business in this district, all Defendants sell products in

7  this district,  Plaintiff was injured in this district, infringement has occurred in this district, a

8  substantial part of the events giving rise to these claims occurred in this judicial district, and

9  Defendants have at least the minimum contacts with this district necessary to confirm jurisdiction and

10  venue in this district.

11  10.  Venue is also proper under 28 U.S.C. §§ 1391(b) and (c), as a substantial part of the

12  events giving rise to these claims occurred in this judicial district, and because Defendants are subject

13  to personal jurisdiction in this judicial district.  The instant case is of a type proper in this district.

14  ## RELEVANT FACTS

15  ### Cathedral Art's Ribbon Bookmarks

16  11.  In approximately 2004, Plaintiff, CATHEDRAL ART, designed and created an

17  original line of inspirational and religious bookmarks to add to its line of giftware (the "Cathedral Art

18  Ribbon Bookmarks").  The "Cathedral Art Ribbon Bookmarks" are comprised of crimson colored

19  ribbons, metallic fasteners, and findings or charms at each end or the ribbon made of pewter and

20  containing inspirational words, phrases, and/or biblical references.  Cathedral Art claims exclusive

21  rights in and to the Cathedral Art Ribbon Bookmarks, depicted below:

22

23

24

25

26

27

28

3

COMPLAINT

1052.01



Plaintiff, CATHEDRAL ART, began selling the Cathedral Art Ribbon Bookmarks in approximately June, 2004.

12.     The Cathedral Art Ribbon Bookmarks are unique and wholly original creations of Plaintiff, CATHEDRAL ART.  Plaintiff applied for and secured registration of the Cathedral Art Ribbon Bookmarks with the United States Copyright Office.   A true and correct copy of United States Copyright Certificate of Registration VA 1-388-292, with a copy of the deposit material submitted, is attached hereto as Exhibit "A", and is incorporated herein by this reference.

13.     Each Cathedral Art Ribbon Bookmark sold bears the copyright notice "© 2004 Cathedral Art Metal Co., Inc." on an attached tag, Plaintiff, CATHEDRAL ART's, trademarked name, and the Cathedral Art Angel trademark logo:




**Cathedral Art's Automobile Visor Clips**

14. In approximately 2003, Plaintiff, CATHEDRAL ART, designed and created an original line of inspirational and religious automobile visor clips (the "Cathedral Art Auto Visor Clips"). The Cathedral Art Auto Visor Clips feature an asymmetric, embroidery-bordered pewter heart on which appear inspirational messages and depictions of flowers in bloom with stems with leaves transecting the pewter heart. Plaintiff, CATHEDRAL ART, claims exclusive rights in and to the Cathedral Art Auto Visor Clips, depicted below:



Cathedral Art began selling its Auto Visor Clips in approximately January, 2004.

15. The Cathedral Art Auto Visor Clips are unique and original creations of Cathedral Art. Plaintiff, CATHEDRAL ART, has secured registration of the Cathedral Art Auto Visor Clips with the United States Copyright Office. A true and correct copy of United States Copyright Certificate of Registration VA 1-388-291 is attached hereto as Exhibit "B", and is incorporated herein by this reference.

16. Each Cathedral Art Auto Visor Clip piece bears the copyright notice "© CAMCO" on its reverse side, the copyright notice "© 2004 Cathedral Art Metal Co., Inc." on the front of the card on which it is sold, and the Cathedral Art name and Angel trademark symbol on the back of the card

5

1052.01

on which it is sold, as depicted below:

  

Back of Piece          Front of Card          Back of Card

### Cathedral Art's Angel Trademark

17.     Cathedral Art created and designed, and is the owner of all right, title, and interest to, the angel symbol (the "Cathedral Art Angel Logo") depicted below:



Cathedral Art has utilized its Angel Logo as a trademark to signify the origin of many of its branded goods since at least 2004. Cathedral Art obtained registration of the Cathedral Art Angel Logo trademark with the United States Patent and Trademark Office, Reg. No. 3,233,282, issued on April 24, 2007. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "C", and is incorporated herein by this reference.

18.     Plaintiff, CATHEDRAL ART's Angel Logo is distinctive and/or has acquired secondary meaning within the consuming public to identify Plaintiff, CATHEDRAL ART' as the origin of the goods on which it is affixed and to signify the high quality of those goods.

### Defendants' Infringements

19.     Defendants have advertised for distribution and have sold certain gift items that were virtually identical to some of the Cathedral Art Ribbon Bookmarks and some of the Cathedral Art Auto Visor Clips.

1052.01

20.     Plaintiff is informed and believes, and thereon alleges, that Defendants solicited and enrolled fundraising groups such as schools, school clubs and groups, sports teams, marching bands, and other organizations (collectively the "Fundraising Groups"), and helped the Fundraising Groups organize and execute their fundraising campaigns.

21.     Plaintiff is informed and believes, and thereon alleges, that the Defendants thereafter supplied to the Fundraising Groups quantities of gift catalogs depicting and featuring the types of gift items to be offered, including the allegedly infringing items.  Members of the Fundraising Groups then took the product catalogs to relatives, neighbors, and friends to solicit orders for items in the catalogs for purchase and later delivery.  The Defendants later fulfilled the orders or supplied the product to the Fundraising Groups to fulfill the orders.

22.     The infringing ribbon bookmarks advertised and sold by the Defendants (the "Infringing Ribbon Bookmarks") embody all of the distinctive and creative elements of certain of the Cathedral Art Ribbon Bookmarks, including the pewter charms at each end, the crimson colored ribbons, metallic fasteners, and the phrase "Angels make the heart dance".  Depicted below are true and accurate images of Cathedral Art Ribbon Bookmark style RBM108 and one of the Infringing Ribbon Bookmarks:

           

| Cathedral Art | Infringing |
|:---:|:---:|
| "Angels make the heart dance" | "Angels make the heart dance" |
| Ribbon Bookmark | Ribbon Bookmark |

Upon information and belief, the Infringing Ribbon Bookmark advertised and sold by the Defendants was directly and intentionally copied from the Cathedral Art Ribbon Bookmark.

1052.01

23.     The heart auto visor clips advertised and sold by the Defendants (collectively the "Infringing Auto Visor Clip") embody many of the distinctive and creative elements of certain of the Cathedral Art Auto Visor Clips, including the asymmetric, embroidery-bordered pewter heart, depictions of flowers in bloom with stems with leaves transecting pewter heart, and an insubstantial variation of the inspirational message appearing thereon.

24.     Depicted below are true and accurate images of Cathedral Art Auto Visor Clip style KVC325 and the Infringing Auto Visor Clip:

 

Cathedral Art Auto Visor Clip     Infringing Auto Visor Clip

Plaintiff is informed and believes, and thereon alleges, that the Accused Auto Visor Clip advertised and sold by Defendants, and all of them, was directly and intentionally copied from the Cathedral Art Auto Visor Clip.

**COUNT I**
**Copyright Infringement**
**(17 U.S.C. §§501 et seq.)**
**(Against Defendants, COMMUNITY RESOURCES,**
**BEST FUNDRAISING and PROFIT SPECIALTIES )**

25.     Plaintiffs refers to the allegations contained in paragraphs 1 through 24, inclusive, and incorporates those allegations herein as though fully set forth.

26.     Plaintiff is the sole owner of the Cathedral Art Ribbon Bookmarks, the Cathedral Art Auto Visor Clips, and of all corresponding copyrights and Certificates of Registration.

27.     The Defendants, and/or their supplier, had access to the Cathedral Art Ribbon Bookmark and the Cathedral Art Auto Visor Clip and were on notice of Cathedral Art's claimed

1052.01

1   ownership of and rights in and to the Cathedral Art works prior to the unauthorized copying thereof.

2       28.    The Defendants, or a person or entity from whom they obtained the infringing works,
3   copied or caused to be copied certain distinctive and protectable elements of the Cathedral Art Ribbon
4   Bookmark, deliberately and without Plaintiff, CATHEDRAL ART's, permission caused such to be
5   reproduced, manufactured, and/or imported for advertising and sale, and in fact advertised and sold
6   quantities thereof.

7       29.    The Defendants, or a person or entity from whom they obtained the infringing works,
8   copied or caused to be copied certain distinctive and protectable elements of the Cathedral Art Auto
9   Visor Clip, deliberately and without Plaintiff, CATHEDRAL ART's, permission caused such to be
10  reproduced, manufactured, and/or imported for advertising and sale, and in fact advertised and sold
11  quantities thereof.

12      30.    The Infringing Ribbon Bookmark is identical or substantially similar to certain of the
13  Cathedral Art Ribbon Bookmarks.

14      31.    The Infringing Auto Visor Clip is identical or substantially similar to certain of the
15  Cathedral Art Auto Visor Clips.

16      32.    The Defendants' conduct and activities were unauthorized by Plaintiff, CATHEDRAL
17  ART, and constitute copyright infringement under the United States Copyright Act, 17 U.S.C. § 501
18  et seq.

19      33.    Upon information and belief, the Defendants have derived substantial revenue from the
20  sale of the infringing works as cited herein, which revenue it is not entitled to retain.

21      34.    As a result of its wrongful conduct, Defendants are liable to Plaintiff for copyright
22  infringement. Plaintiff has suffered and will continue to suffer, substantial losses, including, but not
23  limited to, damage to its business reputation and goodwill. Plaintiff is entitled to recover damages,
24  which include it's losses and all profits Defendants have made as a result of their wrongful conduct,
25  pursuant to 17 U.S.C. §504(b).

26      35.    Plaintiff is also entitled to injunctive relief enjoining Defendants' wrongful conduct
27  pursuant to 17 U.S.C. §502 and an order impounding all infringing materials pursuant to 17 U.S.C.
28  §§503 and 509(a). Plaintiff has no adequate remedy at law for Defendants' wrongful conduct

1052.01

1 because, among other things; (1) Plaintiff's copyrights are unique and valuable property which have
2 no readily determinable market value; (b) Defendants' infringement harms Plaintiff's business
3 reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and (c)
4 Defendants' wrongful conduct, and the resulting damage to Plaintiff, is continuing.

5 36. As a direct and proximate result of the Defendants' infringing activities, Plaintiff,
6 CATHEDRA ART, has been damaged and continues to be damaged, and has no adequate remedy at
7 law.

8 37. By their actions alleged herein, the Defendants have infringed Plaintiff, CATHEDRAL
9 ART's, copyrights in and related to the Cathedral Art Ribbon Bookmarks and/or the Cathedral Art
10 Auto Visor Clips by reproducing, manufacturing, marketing, promoting, distributing, and/or selling
11 the infringing products that are copied from, and identical and/or substantially similar to, the
12 Cathedral Art works. Plaintiff, CATHEDRAL ART, is entitled to an injunction restraining the
13 Defendants, their officers, agents, and employees from engaging in such further acts in violation of
14 the copyright laws.

15

16 **COUNT II**
**Infringement of Trademark**
17 **(Violation of 15 U.S.C. § 1114)**
**(Against Defendants, COMMUNITY RESOURCES,**
18 **BEST FUNDRAISING and PROFIT SPECIALTIES )**

19 38. Plaintiff refers to the allegations contained in paragraphs 1 through 37, inclusive, and
20 incorporates those allegations herein as though fully set forth.

21 39. The Defendants, without the consent of Cathedral Art, have used in commerce a mark
22 confusingly similar and/or identical to Cathedral Art's Angel Logo trademark in connection with the
23 sale of the Infringing Ribbon Bookmark, which use is likely to cause confusion, or to cause mistake
24 or to deceive, or to convey false designations of origin and false and misleading representations of
25 fact that are likely to cause confusion, or to cause mistake, or to deceive as to the source,
26 endorsement, sponsorship, affiliation, connection or association of the Defendants' Infringing Ribbon
27 Bookmark products with Plaintiff, CATHEDRAL ART, and its products.

28 40. By reason of the above-mentioned unlawful acts by Defendants, it has become

10

COMPLAINT

1052.01

1   necessary for Plaintiff to employ the Williams Firm to commence and prosecute this action, with the
2   reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

3   41.   The aforesaid acts of the Defendants have caused, and are causing, great and
4   irreparable harm and damage to Plaintiff, CATHEDRAL ART, and unless permanently restrained by
5   this Court, said irreparable injury will continue.

6   42.   Plaintiff, CATHEDRAL ART, has no adequate remedy at law.

## COUNT III
### (FALSE DESIGNATION OF ORIGIN, 15 U.S.C. §§1125 ET SEQ.)
### (Against Defendants, COMMUNITY RESOURCES,
### BEST FUNDRAISING and PROFIT SPECIALTIES )

11  43.   Plaintiff refers to the allegations contained in paragraphs 1 through 42, inclusive, and
12  incorporate those allegations herein as though fully set forth.

13  44.   Plaintiff, CATHEDRAL ART, has developed secondary meaning and substantial
14  goodwill in their unique products, including, but not limited to, the asymmetrical heart designs.

15  45.   Plaintiff is informed and believes, and thereon alleges, that Defendants' wrongful
16  conduct includes the use, advertising, marketing, and offering for distribution of works virtually
17  identical to Plaintiff's, including the use of asymmetrical heart designs and other unique indications of
18  source and origin in a manner which is virtually indistinguishable from Plaintiff's intellectual
19  property.

20  46.   Such use, advertising, marketing, and offering for distribution of Plaintiff's marks and
21  other unique indications of source and origin is likely to cause confusion, mistake or deception as to
22  the source, origin, endorsement or sponsorship of the products and any related materials.

23  47.   Defendants engaged in such wrongful conduct with the willful purpose of (a)
24  misleading, deceiving or confusing customers and the public as to the origin and authenticity of the
25  goods and services offered, marketed or distributed in connection with Plaintiff's marks and other
26  unique indications of source and goodwill, and (b) trading upon Plaintiff's business reputation and
27  goodwill.

28  48.   Defendants conduct constitutes (a) false designation of origin, (b) false or misleading

11

1052.01

1  description, and (c) false or misleading representation that the imitation visual design originate from
2  or are authorized by Plaintiff, all in violation of §43(a) of the Lanham Trademark Act, set forth at 15
3  U.S.C. §1125(a).

4      49.    Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

5      50.    As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to
6  suffer substantial losses, including, but not limited to, damage to their business reputation and
7  goodwill.

8      51.    Plaintiff is are entitled to injunctive relief enjoining Defendants' wrongful conduct
9  pursuant to 15 U.S.C. §1125(a), and to an order impounding all imitation products being used,
10  offered, advertised, marketed, or distributed by Defendants. Plaintiff has no adequate remedy at law
11  for Defendants' wrongful conduct because, among other things; (a) Plaintiff's marks and other
12  unique indications of source and goodwill are unique and valuable property, which have no readily
13  determinable market value; (b) Defendants' advertising, marketing, printing, and distribution of
14  imitation of visual designs and/or other proprietary property constitutes harm to Plaintiff's business
15  reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and (c)
16  Defendants' wrongful conduct, and the resulting damage to Plaintiff, is continuing.

17      52.    The aforementioned acts of Defendants were willful, oppressive, fraudulent and
18  malicious. Plaintiffs are therefore entitled to punitive damages according to proof, to the extent
19  allowed by law.

20      53.    Plaintiffs are entitled to recover their attorney's fees and costs of suit pursuant to 15
21  U.S.C. §1117. At all times relevant hereto, Defendants have acted with malice and bad intent. By
22  reason of the above-mentioned unlawful acts by Defendants, it has become necessary for Plaintiffs to
23  employ the Williams Firm to commence and prosecute this action, with the reasonable value of
24  services as counsel in this action to be determined by the Court at the time of trial.

25  ////
26  ////
27  ////
28  ////

12

COMPLAINT

1052.01

## COUNT IV
### Unfair Competition; Common Law Claims
(Against Defendants, COMMUNITY RESOURCES,
BEST FUNDRAISING and PROFIT SPECIALTIES )

54. Plaintiff refers to the allegations contained in paragraphs 1 through 53, inclusive, and incorporates those allegations herein as though fully set forth.

55. The Defendants' actions claimed, including but not limited to, copyright infringement, trademark infringement, common law trademark infringement of Plaintiff, CATHEDRAL ART's asymmetrical heart shaped products, palming off and/or reverse palming off, and other acts constitute unfair competition and a violation of Plaintiff's, CATHEDRAL ART, common law rights in and to the Cathedral Art works.

56. Upon information and belief, the defendants have derived substantial revenue from the sale of the infringing works, which revenue it is not entitled to retain.

57. Such actions are unlawful, unfair and fraudulent and deceptive business acts or practices which thus violate California Business and Professions Code Sections 17200 et seq., as well as Rhode Island unfair competition laws. As a direct and proximate result of the defendants' activities, Plaintiff, CATHEDRAL ART, has been damaged and continues to be damaged, and has no adequate remedy at law. As a proximate result of the above-mentioned acts of Defendants, Plaintiff has been deprived of the patronage of a large number of its actual and potential customers, all to its damage in a sum according to proof at trial.

58. Plaintiff, CATHEDRAL ART, is entitled to recover the damages it has sustained and will continue to sustain until the defendants have ceased sales of the infringing works, including disgorgement of any and all profits, goodwill, or other value obtained by the Defendants as a result of the infringement. Plaintiff, CATHEDRAL ART, is further entitled to injunctive relief to halt and restrain the Defendants' infringing acts.

////

////

////

13

COMPLAINT

1052.01

1

## CLAIMS FOR RELIEF

2      WHEREFORE, Plaintiff respectfully requests the following relief:

3      A.    That Defendants, their agents, officers, servants, employees, successors and/or assigns,

4    and all persons or companies in active concert and/or participation with them, be preliminarily and

5    permanently enjoined and restrained from reproducing, making, reprinting, publishing, displaying,

6    manufacturing, importing, selling, offering for sale, promoting, marketing, advertising, distributing

7    and/or commercially exploiting in any manner, either directly or indirectly, giftware, jewelry, or other

8    articles which embody Cathedral Art's works, including, but not limited to, the Cathedral Art Ribbon

9    Bookmarks, Cathedral Art Auto Visor Clips, Cathedral Art Trademark Angel trademarked logo, or

10   any design substantially similar thereto.

11     B.    That Defendants, their agents, officers, servants, employees, successors and/or assigns,

12   and all persons or companies in active concert and/or participation with them, be preliminarily and

13   permanently enjoined and restrained from (1) using any mark, word, name or device which by

14   colorable imitation or otherwise is likely to misrepresent the nature, characteristics or qualities of

15   defendants' goods or an association of defendants' goods with those of the plaintiff, and (2)

16   continuing any and all acts of unfair competition as herein alleged.

17     C.    That Cathedral Art be awarded:

18         (1)    as against parties liable thereunder, all amounts recoverable under 17 U.S.C. §

19   501 *et seq.*, including all damages suffered by plaintiff as a result of defendants' infringing

20   acts, and all profits derived from defendants' wrongful acts in an amount to be determined at

21   trial;

22         (2)    as against parties liable thereunder, all amounts recoverable under 15 U.S.C. §

23   1117(a);

24         (3)    its reasonable attorneys' fees because this is an exceptional case under 15

25   U.S.C. § 1117.

26     D.    That Defendants be directed to: (1) recall from their agents and customers all copies of

27   catalogs depicting the infringing works; (2) deliver to Plaintiff, CATHEDRAL ART, for destruction

28   all products, designs, artwork, advertising, brochures, catalogs, promotional materials, means of

14

1052.01

1   manufacture and/or other materials, which, if sold, distributed or used in any way would violate

2   Paragraph A above; (3) provide an accounting to Plaintiff, CATHEDRAL ART, including, at least,

3   the number of infringing pieces and catalogs manufactured, acquired, sold, and those still held, the

4   number of pieces shipped, the prices at which each such sale or shipment was made, the dates of sale,

5   and all revenue derived; and (4) provide a list of all entities and individuals to whom accused pieces

6   have been sold and/or shipped with corresponding numbers of sales.

7       E.      That Plaintiff, CATHEDRAL ART, recover from defendants all costs incurred in this

8   action, including attorneys fees, together with such other and further relief as this Court may deem

9   just and proper.

Respectfully Submitted,

10

11

12

13  Dated: May 7, 2010

D. Alexander Floum, Esq.
14  THE WILLIAMS FIRM
1850 Mt. Diablo Blvd., Suite 340
15  Walnut Creek, California 94596
Telephone: (925) 933-9800
16  Facsimile: (925) 933-9810
Email: afloum@williams-firm.com
17

18
Attorneys for Plaintiffs,
19  CATHEDRAL ART METAL CO., INC.
a Rhode Island corporation
20

21  OF COUNSEL:
THOMAS R. NOEL,
22  COUNSELOR AT LAW, P.C.

23
Thomas R. Noel, Esq.
24  John R. Harrington, Esq.
50 South Main Street
25  Providence R.I. 02903
TNoel@LawNoel.com
26  JRHarrington@LawNoel.com
Telephone: (401) 272-7400
27  Fax: (401) 621-5688

28

15
COMPLAINT
1052.01

## DEMAND FOR JURY TRIAL

Plaintiff demands that this action be tried to a jury.

Respectfully Submitted,



Dated: May 7, 2010

D. Alexander Floum, Esq.
THE WILLIAMS FIRM
1850 Mt. Diablo Blvd., Suite 340
Walnut Creek, California 94596
Telephone: (925) 933-9800
Facsimile: (925) 933-9810
Email: afloum@williams-firm.com

Attorneys for Plaintiffs,
CATHEDRAL ART METAL CO., INC.
a Rhode Island corporation

16

## VERIFICATION

I, Julieanne Wade, am Vice President of Plaintiff, CATHEDRAL ART METAL CO., INC., in this action, and am authorized to make this verification on behalf of Plaintiff, and I make this verification for that reason. I have read the foregoing Verified Complaint and know its contents. The matters stated in it are true of my own knowledge, except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 6th day of May, 2010, at Providence, Rhode Island.

_____
Vice President.

17

1052.01 Verification Page.doc

Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

**VA 1-388-292**

**EFFECTIVE DATE OF REGISTRATION**

| 10 | 17 | 06 |
|----|----|----|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**Title of This Work ▼**

Ribbon Bookmarks with Charms RBM 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, and RBM 1000

**NATURE OF THIS WORK ▼** See instructions

Jewelry Design

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**NAME OF AUTHOR ▼**

Cathedral Art Metal Co., Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___ United States
Domiciled in ___ }

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☒ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___
Domiciled in ___ }

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**Year in Which Creation of This Work Was Completed** 2004 This information must be given in all cases. Year

**Date and Nation of First Publication of This Particular Work**
Complete this information Month June Day 25 Year 2004
ONLY if this work has been published. United States Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Cathedral Art Metal Co., Inc.
25 Manton Avenue, Providence, RI 02909

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JUL 03 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JUL 03 2006
FUNDS RECEIVED

**FUNDS RECEIVED**    OCT 17 2006

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

See instructions before completing this space.

EXAMINED BY _____ ACK

CHECKED BY

☐ CORRESPONDENCE
   Yes

**FORM VA**

**FOR
COPYRIGHT
OFFICE
USE
ONLY**

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

All features of the works except common, public domain text references.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼          **Account Number** ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Thomas R. Noel, Esq., Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903

Area code and daytime telephone number  ( 401 ) 272-7400          Fax number  ( 401 ) 621-5688
Email:   TNoel@LawNoel.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Cathedral Art Metal Co., Inc.
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Thomas R. Noel, Esq.          Date  June 28, 2006

Handwritten signature (X) ▼
X _____ T. R. Noel

Certificate
will be
mailed in
window
envelope
to this
address:

**Name** ▼
Thomas R. Noel, Esq., Noel & Gyorgy LLP

**Number/Street/Apt** ▼
50 South Main Street

**City/State/ZIP** ▼
Providence, RI  02903

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

<u>**Deposit Material for Copyright Registration Application:**</u>

**Claimant:**     **Cathedral Art Metal Co. Inc.**
**Title:**        **Ribbon Bookmarks with Charms (RBM 101 and RBM 102)**

*adorned w/15" burgundy velvet ribbon*



Psalms 91:11

**RBM102**

**RBM101**





## Deposit Material for Copyright Registration Application:

**Claimant:** Cathedral Art Metal Co. Inc.
**Title:** Ribbon Bookmarks with Charms  (RBM 103, 104, 105, 106)



**RBM104**



**RBM103**





**RBM106**



**RBM105**

## Deposit Material for Copyright Registration Application:

**Claimant:**   Cathedral Art Metal Co. Inc.
**Title:**      Ribbon Bookmarks with Charms  (RBM 107, 108, 109, 110)



**RBM108**





**RBM107**



**RBM110**





**RBM109**

**Deposit Material for Copyright Registration Application:**

**Claimant:**  Cathedral Art Metal Co. Inc.
**Title:**  Ribbon Bookmarks with Charms  (RBM 111, 112 and set)



**RBM112**



7   85525 08594   8



**RBM111**

7   85525 08593   8



best seller!

**RBM1000**
$216 SRP
36pc 3ea of 12 styles
Display 12" x 13"
Cost $10 Net
FREE w/RBM1000

7   85525 08857   8

Exhibit B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**

VA 1—388—291

EFFECTIVE DATE OF REGISTRATION

10-17-06

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**Title of This Work ▼**

Heart Automobile Visor Clips KVC 320, 321, 322, 323, 324, 325, 326, 327, 328, 330, and 331

**NATURE OF THIS WORK ▼ See Instructions**

Jewelry Design

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**NAME OF AUTHOR ▼**

Cathedral Art Metal Co., Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Was this contribution to the work a "work made for hire"?**
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _United States_
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☑ Text
☐ Reproduction of work of art    ☑ Jewelry design    ☐ Architectural work

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**Year in Which Creation of This Work Was Completed**
2003
This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month _January_ Day _17_ Year _2004_
_United States_    Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Cathedral Art Metal Co., Inc.
25 Manton Avenue, Providence, RI 02909

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

JUL 0 3 2006

FUNDS RECEIVED OCT 17 2006

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

<table>
<tr><td>EXAMINED BY <em>Aud</em></td><td rowspan="4">FORM VA</td></tr>
<tr><td>CHECKED BY</td></tr>
<tr><td>☐ CORRESPONDENCE<br>Yes</td></tr>
<tr><td>FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY</td></tr>
</table>

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions
before completing
this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

All features of the works except text on KVC 330.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼          Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Thomas R. Noel, Esq., Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903

Area code and daytime telephone number ( 401 ) 272-7400          Fax number ( 401 ) 621-5688

Email TNoel@LawNoel.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ►
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of Cathedral Art Metal Co., Inc.
  Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Thomas R. Noel, Esq.          Date June 29, 2006

Handwritten signature (X) ▼

X _____

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Thomas R. Noel, Esq., Noel & Gyorgy LLP

Number/Street/Apt ▼
50 South Main Street

City/State/ZIP ▼
Providence, RI 02903

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

**Deposit Material for Copyright Registration Application:**

**Claimant:**   Cathedral Art Metal Co. Inc.
**Title:**       Heart Automobile Visor Clips (KVC 320, 321, 322, 323, 324, 325, 326, 327, 328 and set)



**Deposit Material for Copyright Registration Application:**

**Claimant:**    Cathedral Art Metal Co. Inc.
**Title:**        Heart Automobile Visor Clips (KVC 330, 331)



27|
321,

Exhibit C

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date. (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

United States Patent and Trademark Office

Reg. No. 3,233,282
Registered Apr. 24, 2007

## TRADEMARK
### PRINCIPAL REGISTER



_CATHEDRAL ART METAL CO., INC. (RHODE ISLAND CORPORATION)
25 MANTON AVENUE
PROVIDENCE, RI 02909

FOR: JEWELRY ITEMS, NAMELY PINS, PEN-DANTS, BRACELETS, EARRINGS, KEY CHAINS, KEY RINGS, AND CHARMS; CROSSES, MEDAL-LIONS, ORNAMENTS, AND PICTURE FRAMES OF PRECIOUS METAL, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 3-15-2004; IN COMMERCE 8-1-2004.

THE MARK CONSISTS OF A STYLIZED ANGEL WITH WINGS, FLOWING GOWN, AND A HEART.

SER. NO. 78-914,464, FILED 6-22-2006.

DOMINICK J. SALEMI, EXAMINING ATTORNEY